UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-80030-CR-DIMITROULEAS/MATTHEWMAN

UNITED STATES OF AMERICA

vs.

PHILLIP BRAUN, et al.,

    **Defendants.**

_____/

## FIRST REVISED PROTECTIVE ORDER

THIS CAUSE having come before the Court on the United States' Motion for Entry of First Revised Protective Order ("Order") as to all defendants, in order to comply with the Standing Discovery Order, and the Court being duly advised in the premises, it is hereby ORDERED and ADJUDGED as follows:

To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality to protect attorney-client, deliberative process, and other privileges, to protect trade secrets, proprietary business information and other, sensitive financial information, to maintain the confidentiality of protected health information, and to ensure that protection is afforded only to material so entitled, pursuant to the Court's authority under the Standing Discovery Order, Rule 16 of the Federal Rules of Criminal Procedure, and Rule 502(d) of the Federal Rules of Evidence, it is hereby ORDERED:

(1) **Production of Sensitive Financial Information.** The United States may produce confidential information — that includes potential trade secrets, proprietary business information, and other private and identifying information — to all defendants, pursuant to the government's discovery obligations and the defendants' discovery requests.

(2) **Production of Health Information By The United States That May Be Subject to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 104-191, and to the provisions of 45 C.F.R. § 160.103, or to the provisions of 45 C.F.R. § 164.512, or other privacy provisions.** The United States may produce certain individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number or other identifying number) to the defendants, pursuant to the United States' discovery obligations and defendants' discovery requests. The information produced may be subject to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 104-191, and to the provisions of 45 C.F.R. § 160.103, or to the provisions of 45 C.F.R. § 164.512, or other privacy provisions.

(3) **Production of data and information stored on computers.** The United States may produce forensic images of data and information that was present in computers, storage media, and cellular phones seized by the U.S. Food and Drug Administration, Office of Criminal Investigations on February 16, 2017.

(4) **Production of documents and information from the FDA.** The United States may produce documents and information from the U.S. Food and Drug Administration (FDA).

(5) The United States shall produce all of the foregoing categories of documents, data, and information unredacted to counsel for the defendants. Upon producing these documents to

the defendants, the United States shall designate them as "confidential" in the manner set forth below. The defendants' counsel, their personnel, and other members of the defense team, may use these documents, data, and information only for purposes of the litigation, and may disclose them to non-parties to this litigation only as needed for the litigation, and only if the non-party understands and agrees to abide by this Order after being informed by defendants' counsel of this Order. Such understanding and agreement shall be memorialized by execution of the attached certification. Defense counsel shall keep these certifications and be ready to produce them when requested by the Court.

(6) **Defendants' Access to Confidential Discovery.** A defendant may access and review the confidential discovery, under supervision of the defense team, or at the defendant's home or place of business. Defendants shall not disclose any of these documents, data or information other than to their defense counsel in this matter. Defendants must return all copies of the confidential materials to their counsel once the defendants have completed their review.

(7) **Corporate Defendants' Access to Confidential Discovery.** Access to confidential discovery by agents of the corporations is restricted to the following authorized representatives who appeared on behalf their corporation and were sworn before the Court and questioned regarding the rules for reviewing discovery:

    a. Phillip Braun on behalf of Blackstone Labs, LLC;

    b. Eric Wakeley on behalf of Ventech Labs, LLC.

(8) The parties shall not file confidential documents, data, and information with, or submit them to, the Court or reproduce their contents in any court filing unless the document or filing is placed under seal or all information that would identify the subject of the document or

2

filing has been removed. Within 90 days of the conclusion of this litigation before the Court, defense counsel shall return to counsel for the United States the documents, data, and information designated confidential and all copies, as well as all notes, memoranda, summaries, or other documents containing information from the designated confidential documents, data, and information, or shall destroy documents, data, and information and all copies, as well as all notes, memoranda, summaries, or other documents containing information from the designated confidential documents, data, and information — and certify in writing to counsel for the United States that the same has been destroyed.

(9) **Designation of Material Subject to this Protective Order.** To designate "confidential" material covered by this First Revised Protective Order, the United States shall so designate, on the material itself, in an accompanying cover letter, or on a diskette cover, by using the following designation: "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

(10) **Attorney-Eyes Only.** At the request of defense counsel, certain data, specifically forensic images of particular cell phones, shall be marked confidential and shall only be reviewed by counsel for the defendants and members of the defense team. If defense counsel intends to provide access to forensic images to a defendant, defense counsel must not provide access to the forensic images of cell phones seized from the following individuals:

   a. Anthony Ventrella;

   b. Ashley Ventrella; and

   c. David Winsauer.

3

(11)    **Data Protection.**   All confidential materials shall be stored in encrypted and/or password protected electronic media at all times, including when provided by defense counsel to the defendants.

(12)    **Confidential Information in Open Court.**   The procedures for use of designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial.   The parties shall consider redacting confidential documents to remove financial or personal identifiers, request the court to submit such documents under seal, request that any exhibit be placed under seal, introduce summary evidence where practicable which may be more easily redacted, and assure that all Social Security numbers associated with the names of individuals or financial numbers associated with individuals or entities have been removed.   No party shall disclose designated confidential documents in open Court without prior consideration by the Court.

(13)    **Privileges are Maintained.**   Pursuant to Rule 502(d) of the Federal Rules of Evidence, the disclosure of forensic images seized by search warrants executed by the U.S. Food and Drug Administration, Office of Criminal Investigations, or documents and information otherwise prepared or generated by the U.S. Food and Drug Administration, in connection with the above-entitled case, does not constitute a waiver of the attorney-client privilege, the work-product protection, trade secrets, or other applicable privilege or protection, in the above-entitled case or in any other federal or state proceeding.   Moreover, the production of documents and information otherwise prepared or generated by the U.S. Food and Drug Administration does not constitute a waiver of the government's deliberative process privilege.   Absent leave of the Court, defendants and their counsel are prohibited from disclosing to any third party any potentially-

privileged document extracted from seized forensic images or any document or information prepared or generated by the U.S. Food and Drug Administration that has been disclosed by the government in discovery in the above-captioned case, except to the extent that defense counsel needs to do so for preparation or use at trial or any other proceeding in litigation of the above-captioned case.

(14)   **Modification Permitted.**   Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

(15)   **No Waiver.**   The failure to designate any materials as provided in paragraph 9 shall not constitute a waiver of a party's assertion that the materials are covered by this Order.

DONE AND ORDERED in Fort Lauderdale, Florida, this ___ day of May, 2019.

WILLIAM P. DIMITROULEAS
UNITED STATES DISTRICT JUDGE

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-80030-CR-DIMITROULEAS/MATTHEWMAN

UNITED STATES OF AMERICA

vs.

PHILLIP BRAUN,
AARON SINGERMAN,
ANTHONY VENTRELLA,
JAMES BOCCUZZI,
DAVID WINSAUER,
ROBERT DIMAGGIO,
BLACKSTONE LABS, LLC, and
VENTECH LABS, LLC,

         **Defendants.**
_____/

## CERTIFICATION FOR PRODUCTION OF SENSITIVE FINANCIAL INFORMATION, PERSONAL INFORMATION, AND HEALTH INFORMATION

I, _____, certify that I am (a)n attorney/consultant/employee (circle one) for _____, a party to this proceeding, Case No. 19-80030-CR-DIMITROULEAS, and that I request access to confidential discovery that the Government will produce. I have read the First Revised Protective Order ("Order") and agree to abide by all of its terms, unless such terms are revised by the Court, at which time the undersigned agrees to be bound by the terms of the Order, as revised and entered by the Court. By signing below, the undersigned is not waiving his/her right to object to or suggest modifications to the Order.

I further certify that the witness statements will be used solely for the purposes set forth in the Order.

   SIGNED: _____

   Name: _____

   Title:  _____

   Employer: _____

   Employer's Address: _____

   Party Representing: _____

Subscribed and sworn to before me

this _____ day of _____, 2019.

My commission expires on _____.

Seal: