IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-80030-CR-DIMITROULEAS/MATTHEWMAN

UNITED STATES OF AMERICA

vs.

PHILLIP BRAUN, et al.,

      Defendants.

_____/

## GOVERNMENT'S UNOPPOSED MOTION FOR ENTRY OF SECOND REVISED PROTECTIVE ORDER

**NOW COMES** the United States of America through, undersigned counsel, and files this unopposed Motion for Entry of Second Revised Protective Order, pursuant to Fed. R. of Crim. P. 16(d)(1) and Fed. R. Evid. 502(d).

Pursuant to Fed. R. Crim. P. 16(d)(1): "At any time the court may, for good cause, . . . restrict . . . discovery or inspection, or grant other appropriate relief." Further, the Supreme Court has stated that "the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." Alderman v. United States, 394 U.S. 165, 185 (1969).

Under Fed. R. Evid. 502(d), where disclosures may contain attorney-client privileged or work-product materials, a district court may order "that the privilege or protection is not waived by disclosure connected with the litigation pending before the court" and the disclosure also is not a waiver in any other federal or state proceeding.

## STATEMENT OF FACTS

On May 7, 2019, the Court signed and entered a First Revised Protective Order, relating to sensitive financial information, protected health information, data from computers and mobile phones, and documents from the U.S. Food and Drug Administration.  See ECF No. 146.

Subsequently, the parties determined that there was an important modification that needed to be made to paragraph 6 of the order.  The modification consists of adding the words "or a member of the defense team" to the second sentence of the paragraph.  This revision is consistent with discussions that occurred before the Court during the May 3, 2019 status conference, where the defendants, or their representatives, affirmed that they would not share confidential discovery with those other than their attorneys or defense team.

## CONCLUSION

Wherefore, the Government respectfully requests that the Court sign and enter the proposed Second Revised Protective Order.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

GUSTAV W. EYLER
DIRECTOR
U.S. DEPARTMENT OF JUSTICE
CONSUMER PROTECTION BRANCH

By:   */s/ David A. Frank*
ALISTAIR F. A. READER
Court ID A5502377
DAVID A. FRANK
Court ID A5500486
Trial Attorneys

U.S. Department of Justice  
Consumer Protection Branch  
450 Fifth Street, NW, Suite 6400-South  
Washington, DC 20001  
Alistair.F.Reader@usdoj.gov  
 (202) 353-9930  
David.Frank@usdoj.gov  
(202) 307-0061  
(202) 514-8742 (facsimile)

## CERTIFICATE OF CONFERENCE (LOCAL RULE 88.9(a))

Under local Rule 88.9(a), I HEREBY CERTIFY that I conferred with all defense counsel concerning this motion by way of email, providing the proposed second revised protective order for review. Counsel for all defendants said they did not object to the second revised protective order.

/s/ David A. Frank
David A. Frank
U.S. Department of Justice

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2019, a copy of the foregoing document was filed electronically with the Clerk of the Court by way of the CM/ECF system. Notice of this filing will be automatically sent to all counsel of record by operation of CM/ECF system. Counsel for the parties may access this document through the CM/ECF system.

/s/ David A. Frank
David A. Frank
U.S. Department of Justice