**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 19-80030-CR-DIMITROULEAS/MATTHEWMAN**

UNITED STATES OF AMERICA,

        Plaintiff,

v.

PHILLIP BRAUN,
AARON SINGERMAN,
ANTHONY VENTRELLA,
JAMES BOCCUZZI,
DAVID WINSAUER,
BLACKSTONE LABS, LLC, and
VENTECH LABS, LLC.

        Defendants.
_____/

**DEFENDANTS BRAUN, SINGERMAN, VENTRELLA, BOCCUZZI, WINSAUER, BLACKSTONE LABS, LLC, AND VENTECH LABS, LLC'S JOINT MOTION TO DISMISS COUNT I AND INCORPORATED MEMORANDUM OF LAW**

1. Moving Defendants Blackstone Labs, LLC, Phillip Braun, Aaron Singerman, David Winsauer, James Boccuzzi, Anthony Ventrella, and VenTech Labs, LLC, move this Honorable Court pursuant to Federal Rule of Crim. Pro. 12(b)(3)(B)(v)(failure to state an offense) to dismiss Count I of the Government's Indictment, and as grounds states:

### I. INTRODUCTION

2. This motion concerns Count I of the Indictment that charges a conspiracy to defraud the United States Government under 18 U.S.C. 371.

3. There is a split in the Circuit Courts in resolving a vagueness and duplicity issue under the statute, specifically, whether Section 371 is stated conjunctively or disjunctively, i.e., whether the statute lists two means of committing two offenses, or one offense with two necessary elements.

1

4. The Supreme Court has yet to resolve the vagueness and duplicity issues arising from the Circuit Courts' split in opinions in statutory construction, nor has the Supreme Court yet acted to add any clarity to a statute which has "no meaning which can be understood by 'men of common intelligence.'" *See generally,* A. Goldstein, *Conspiracy to Defraud the United States,* 68 Yale L.J. 405 (1959).

5. As a result, 18 U.S.C. 371, has transformed from curing gaps in Federal substantive law as it existed in the 19th century, into a tactical tool of prosecutors. *See Id* at 440-441.[1]

## II. MEMORANDUM OF LAW

6. "Indictments under the broad language of the general conspiracy statute must be scrutinized carefully as to each of the charged defendants because of the possibility, inherent in a criminal conspiracy charge, that its wide net may ensnare the innocent as well as the culpable." *Dennis v. United States,* 384 855, 860 (1966).

7. Title 18 U.S.C. § 371 states:

If two or more persons conspire either to commit any offense against the United States, [the offense clause] or to defraud the United States [the "defraud clause"]., or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined ... or imprisoned. . . or both.

---

[1] As Professor Goldstein noted:

The problem today is not one of gaps in the criminal code but of overlapping offense categories which multiply the sanctions that can be imposed for a single course of antisocial conduct. The gaps have been filled and filled again, through enactment of specific criminal statutes. This open-end crime remains on the books nevertheless, and not only as the vestigial remnant of another day. Quite the contrary. Contours molded by almost a century of decisions are not so easily lost. The vigor of "conspiracy to defraud the United States", at least as measured quantitatively, continues unabated.

But where its primary function once was to reach conduct not covered elsewhere in the criminal code, it now serves its original purpose in very limited fashion. Its main significance today is in the field of tactics. Given the choice, a prosecutor will invariably choose to proceed under the statute which affords him the maximum flexibility in framing his charge and presenting his proof. The addition to the conspiracy count (already described as the prosecutor's "darling") of the loosely-defined concept of fraud makes conspiracy "to defraud the United States" peculiarly attractive to the prosecutor and particularly subversive of principles deeply rooted in our criminal law.

*Id.* at 440-441.

2

8. In *U.S. v. Harmas,* the Eleventh Circuit held that clauses within 18 U.S.C. 371 are stated in the disjunctive, and therefore create two offenses:

> In order to charge a violation under § 371, the government must show that the defendant conspired to commit one or more substantive offenses against the United States, or that the defendant conspired to defraud the government in any manner or for any purpose. *United States v. Sans,* 731 F.2d 1521, 1533-35 (11th Cir.1984), *cert. denied,* 469 U.S. 1111, 105 S.Ct. 791, 83 L.Ed.2d 785 (1985). The statute is written in the disjunctive and should be interpreted as establishing two alternative means of committing a violation. *United States v. Elkins,* 885 F.2d 775, 781 (11th Cir.1989), *cert. denied,* 494 U.S. 1005, 110 S.Ct. 1300, 108 L.Ed.2d 477 (1990).

*U.S. v. Harmas*, 974 F.2d 1262, 1266 (11th Cir. 1992); *accord United States v. Vazquez,* 319 F.2d 381, 384 (3rd Cir. 1963); *United States v. Pezzati,* 160 F.Supp. 787, 789 (D.Colo. 1958); *United States v. Klein,* 124 F.Supp. 476, 480 (S.D.N.Y. 1954), *aff'd on other grounds,* 247 F.2d 908 (2nd Cir. 1957); *United States v. Williams,* 705 F.2d 603, 623–24 (2nd Cir.), *cert. denied,* 464 U.S. 1007, 104 S.Ct. 524, 78 L.Ed.2d 708 (1983) (rejecting appellants' duplicity claim where indictment charged in a single count conspiracy to defraud United States and commit substantive offenses); *United States v. Smith,* 891 F.2d 703, 711–13 (9th Cir. 1989) (indictment charging conspiracy to defraud United States and commit substantive offenses in a single count was not unconstitutionally duplicitous; two clauses of § 371 establish alternative means of commission rather than two distinct conspiracy offenses).

9. These holdings are in direct conflict with the holding of the Sixth Circuit in *U.S. v. Minarik*, 875 F.2d 1186, (6th Cir. 1989), which held that the two clauses of Section 371 are stated in the conjunctive, and therefore create one offense, not two. *Id.*; (citing *Braverman v. United States,* 317 U.S. 49, 52–53, 63 S.Ct. 99, 101–02, 87 L.Ed. 23 (1942); *May v. United States,* 175 F.2d 994, 1002 (D.C.Cir.), *cert. denied sub nom. Garsson v. United States,* 338 U.S. 830, 70 S.Ct.

3

58, 94 L.Ed. 505 (1949); *United States v. Manton,* 107 F.2d 834, 838 (2d Cir. 1939); *cert. denied,* 309 U.S. 664, 60 S.Ct. 590, 84 L.Ed. 1012 (1940).

    10.    As the *Minarik* court explained:

> But when. . . the judicial branch sets a definition of "defraud" that itself is subject to continual expansion, it retains the countervailing responsibility to keep that definition from engulfing the statute itself and obliterating the carefully drawn relationship between its two clauses. Thus, the scope of the "defraud" clause may expand as new kinds of fraud and new governmental programs are invented, or it may contract when Congress deals specifically with a given problem, creating a specific offense out of conduct previously criminalized only where it took the shape of a conspiracy to defraud the United States. The court should require that any conspiracy prosecution charging that conduct be brought under the offense clause in order "to achieve the remedial purposes that Congress had identified," . . . , if it is clear that Congress has specifically considered a given pattern of wrongful conduct and enacted a specific statute with a specific range of penalties to cover it.
>
> Professor Goldstein has pointed out in his seminal article on the "defraud" clause, A. Goldstein, *Conspiracy to Defraud the United States,* 68 Yale L.J. 405 (1959), that such a pattern of common law interpretation must be followed if the courts are to remain true to the theory they have developed for reconciling the "offense" clause and the "defraud" clause of § 371.

*Minarik* 875 F.2d at 1193.

    11.    However, the cases distinguishing *Minairk*, including *Harmas* and Judge Gold's decision in *United States v. Stickle*, do so on factual grounds. *See Harmas* at 1266-67 ("[I]n *Mohney,* the Sixth Circuit indicated that *Minarik's* holding was limited to the particular facts of that case and did not automatically preclude a charge under the defraud clause where a relevant substantive statute existed.") (citing *United States v. Mohney,* 949 F.2d 899, 902 (6th Cir. 1992)); *United States v. Stickel*, 355 F.Supp. 2d 1317 (Fla. S.D. 2004) ("Neither [*Minarik* nor *Haga*] supports the Defendants argument because neither case directly involved an indictment that charged both prongs under Section 371.").

12. But this approach simply circumvents the underlying issue, as the vague and duplicitous language of Section 371 has been permitted, without guidance from the Supreme Court, to persist as a prosecutorial tool to charge loosely defined and duplicitous conspiracies.[2]

13. Further, the Government has charged the Moving Defendants under *both* prongs of Section 371 in this case, and, as explained by the dicta of *Harmas* and *Stickle*, there is now an opportunity to resolve the vagueness and duplicity created by charging both prongs of Section 371 concurrently.

14. For this reason, the Moving Defendants pray this Honorable Court dismiss Count I as duplicitous and vague, as espoused by *Minarik* and later distinguished by the dicta of *Harma* and *Stickle*.

## II. REQUEST FOR ORAL ARGUMENT EVIDENTIARY HEARING

15. The Defendants request oral argument and an evidentiary hearing.

## III. CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 88.9

Undersigned counsel Richard G. Lubin's office provided a copy of this Motion via electronic mail to the Government. Mr. Reader has advised that the government object to the requested relief.

Dated this 31st day of January, 2020.

---

[2] As argued in the Joint Motion for Bill of Particulars, the use of "other products that violated the FDCA" along with other vague allegations, leave the Defendants unable to formulate a defense to the charges.

Respectfully submitted,

RICHARD G. LUBIN, P.A.
707 North Flagler Drive
West Palm Beach, FL  33401
Telephone:   561-655-2040
Facsimile:   561-655-2182
Email: rich@lubinlaw.com
Counsel for Aaron Singerman
By:    */s/ Richard G. Lubin*
RICHARD G. LUBIN
Fla. Bar No. 182249

*/s/ Amy Morse*
AMY MORSE, ESQ.
Morse & Morse, LLC
Of Counsel to Richard G. Lubin, P.A.
707 North Flagler Drive
West Palm Beach, FL 33401
T: (561) 651-4145;
F: (561) 655-2182
Email: amy@morselegal.com
FL Bar No.: 0388475
Counsel for Aaron Singerman

*s/Benedict P. Kuehne*
BENEDICT P. KUEHNE
Florida Bar No. 233293
KUEHNE DAVIS LAW, P.A.
100 S.E. 2nd St., Suite 3550
Miami, FL 33131-2154
Tel: 305-789-5989
Fax: 305-789-5987
ben.kuehne@kuehnelaw.com
efiling@kuehnelaw.com
Counsel for Phillip Braun

*s/Michael T. Davis*
MICHAEL T. DAVIS
Florida Bar No.: 63374
KUEHNE DAVIS LAW, P.A.
100 S.E. 2nd St., Suite 3550
Miami, FL 33131-2154
Tel: 305-789-5989
Fax: 305-789-5987
mdavis@kuehnelaw.com

6

efiling@kuehnelaw.com
Counsel for Blackstone Labs, LLC

*s/Susan Dmitrovsky*
SUSAN DMITROVSKY
Florida Bar No. 73296
KUEHNE DAVIS LAW, P.A.
100 S.E. 2nd St., Suite 3550
Miami, FL 33131-2154
Tel: 305-789-5989
Fax: 305-789-5987
susand@kuehnelaw.com
Counsel for Blackstone Labs, LLC

*/s/ Robert J. Buonauro*
ROBERT J. BUONUARO, B.C.S.
435 Canal Street, Suite 208
New Smyrna Beach, Fl 32168
Tel:  407-841-1940
Fax: 407-649-1936
Florida Bar No.  150756
robert@buonauro.com
Counsel for David Winsauer

*/s/ Nancy Vorpe Quinlan*
NANCY VORPE QUINLAN
515 North Flagler Drive, Suite 701
West Palm Beach, Fl 33401
T: (561) 721-0552
F: (561) 329-9902
Bar No.: 593532
nquinlan@palmbeachdefense.com
Counsel for Anthony Ventrella

*/s/ J. Stephen Salter*
J. STEPHEN SALTER
8975 Pompano Way
Gulf Shores, Al 36542
T: (205) 585-1776
umstakwit@aol.com
Counsel for James Boccuzzi

>*/s/ Robert J. Shearin*
>ROBERT J. SHEARIN
>1700 South Federal Highway, Suite 501
>Boca Raton, Fl 33432
>T: (561) 706-7572
>F: (561) 429-2987
>R1shearin1@yahoo.com
>Bar No.: 47759
>Counsel for Ventech Labs, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 31, 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and that the foregoing document is being served this day on all counsel of records or pro se parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>By: */s/ Richard G. Lubin*
>RICHARD G. LUBIN