UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-80030-CR-DIMITROULEAS

UNITED STATES OF AMERICA

vs.

**VENTECH LABS, LLC,**

**Defendant.**
_____/

## PLEA AGREEMENT

The Office of the United States Attorney for the Southern District of Florida and the United States Department of Justice, Consumer Protection Branch (hereinafter, the "government") and **VENTECH LABS, LLC**, (hereinafter, the "defendant" or "VENTECH") enter into the following plea agreement:

1. Defendant is a Florida limited liability corporation, with its principal office in Boca Raton, Florida.

2. Defendant agrees to plead guilty to Count 1 of the indictment, charging the crime of conspiracy: to defraud the United States, namely the U.S. Food and Drug Administration (FDA); and to commit mail fraud; and to commit wire fraud. This plea agreement and any plea of guilty, which the defendant may enter under this agreement, are contingent upon the entry of a guilty plea by co-defendant Anthony Ventrella in the above-entitled case. If either Anthony Ventrella or VENTECH fails to enter a guilty plea, then this plea agreement, and any proceedings conducted pursuant to this plea agreement, may be withdrawn or voided at the option of the government...

1

2. After sentencing, the government will move to dismiss the remaining counts of the indictment against the defendant.

3. VENTECH will provide the government written evidence, in the form of a notarized resolution of the board of directors of the defendant, certifying that VENTECH is authorized to plead guilty to a violation of Title 18, United States Code, Section 371, as charged in Count 1 of the indictment, and certifying that VENTECH is authorized to enter into and comply with all provisions of this plea agreement. This resolution shall further state that the president of VENTECH, or the president's designee, is authorized to take these actions and that all corporate formalities have been observed, including, but not limited to, obtaining the required approval of VENTECH's board of directors or senior executive corporate officers. VENTECH agrees to have a designated representative to act on its behalf in proceedings in the present case and to appear on defendant's behalf to enter a plea of guilty and for the imposition of sentence.

4. VENTECH is aware that its sentence will be imposed by the Court after considering the United States Federal Sentencing Guidelines and Policy Statements (hereinafter, "Sentencing Guidelines" or "Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court, relying in part on the results of a Pre-Sentence Investigation by the Court's Probation Office ("Probation"), which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under

the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 2 and that VENTECH may not withdraw its guilty plea solely as a result of the sentence imposed.

5. Defendant understands and acknowledges that the Court may impose a statutory maximum term of probation of up to five (5) years' probation, pursuant to Title 18, United States Code, Section 3561(c)(1) and a fine of up to $500,000, pursuant to Title 18, United States Code, Section 3571(c)(3), or not more than the greater of twice the gross gain or twice the gross loss, pursuant to Title 18, United States Code, Section 3571(d). In addition to a term of probation, the Court may order forfeiture and restitution.

6. VENTECH further understands and acknowledges that, in addition to any sentence imposed under Paragraph 4 of this agreement, a special assessment in the amount of $400 will be imposed on the defendant, pursuant to Title 18, United States Code, Section 3013(a)(2)(B). The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to the government and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

7. The government reserves the right to inform the Court and Probation of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant. Subject only to the

express terms of any agreed-upon sentencing recommendations contained in this agreement, the government further reserves the right to make any recommendation as to the quality and quantity of punishment.

8. As to the conspiracy to defraud the FDA, the government and defendant agree that, although not binding on the Probation Office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

    a. Base offense level: Under Guidelines Sections 2X1.1(a) and 2C1.1(a)(2), the base offense level is 12.

    b. Chapter 2 Adjustments: There are none.

    c. Chapter 3 Adjustments: The adjustments in Parts, A, B, C, and E do not apply, pursuant to Section 8A1.2, commentary, application note 2.

    d. Estimated Offense Level: Based on these recommendations, the parties estimate that the total offense level is 12.

9. As to the conspiracy to commit mail and wire fraud, the government and the defendant agree that, although not binding on the Probation Office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

    a. Base offense level. Under Sections 2X1.1(a) and 2B1.1(a), the base offense level is 6.

    b. Loss. Under Section 2B1.1(b), a loss cannot be readily determined.

    c. Increase for Mass-Marketing. Under Section 2B1.1(b)(2)(A), the offense

conduct was committed through mass-marketing. Therefore, the offense level will increase by 2 levels.

      d.      Chapter 3 Adjustments: The adjustments in Parts, A, B, C, and E do not apply, pursuant to Section 8A1.2, commentary, application note 2.

      10.      <u>Grouping</u>. The parties agree that under Chapter 3, Part D, there are two offenses. One concerns the conspiracy to defraud the FDA. The second concerns the conspiracy to commit mail and wire fraud. Each is governed by Section 3D1.2(d). Under Section 3D1.3(b), the parties agree that the Court should use the guideline that produces the highest offense level, namely, the offense of conspiracy to commit mail and wire fraud, resulting in an offense level of 12.

      11.      <u>Base Fine</u>. The parties agree that under Section 8C2.4, the base fine is the greatest of the amount in the table in Section 8C2.4(d), the pecuniary gain to the defendant, or the pecuniary loss caused by the defendant. The pecuniary gain and pecuniary loss cannot be readily determined for the defendant for Count 1. Therefore, the parties agree that the base fine will be $70,000 based on an offense level of 12 and the table in Section 8C2.4(d).

      12.      <u>Culpability Score</u>. The parties agree that the base score should start at 5 points, pursuant to Section 8C2.5(a). However, there should be a one-level reduction, pursuant to Section 8C2.5(g)(3).

      13.      <u>Multiplier</u>: The parties agree that under Section 8C2.6, the minimum multiplier for a culpability score of 4 is 0.80, and the maximum multiplier is 1.60.

      14.      <u>Fine Range</u>. The parties agree that under Section 8C2.7, the guideline fine range is $56,000 to $112,000.

15. <u>Payment of the Fine</u>. Under Section 8C3.2(b), immediate payment of the fine shall be required unless the Court finds that the defendant is financially unable to make immediate payment or that such payment would pose an undue burden on the organization. Under Section 8C3.3(b), the Court may impose a fine that is lower than what is required by Section 8C2.7.

16. VENTECH knowingly and voluntarily admits that the following personal property, which is business equipment located at 1140 Holland Drive, Suite 12, Boca Raton, Florida, and constitutes or is derived from proceeds traceable to the crime of conspiracy to commit mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343):

   a. PER-FIL Micro-C Single Head Automatic Auger Filler;

   b. CVC-EC30 Wrap Labeler;

   c. C60 Hot Stamp Printer/Coder;

   d. Titan Pharmaceutical – Fully Automatic Encapsulation Machine;

   e. Titan Pharmaceutical – V-Mixer model TVM-1000;

   f. ProFiller 3700 capsule-filling system;

   g. ProFiller 3700 capsule-filling system;

   h. Semi-Auto Capsule Filler Model DJS-8; and

   i. Electronic Channel Counter (12-track).

(Collectively, the "Personal Property").

Defendant therefore knowingly and voluntarily agrees that the Personal Property is subject to criminal forfeiture to the United States upon defendant's conviction pursuant to Title 18, United States Code, Section 981(a)(1)(C).

17. VENTECH knowingly and voluntarily agrees to waive its right to a hearing, pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), to determine the requisite nexus between the Personal Property and offense to which it agrees to plead guilty herein. Furthermore, the defendant knowingly and voluntarily agrees that it shall not, in any manner, act in opposition to the government in seeking forfeiture of the Personal Property.

18. VENTECH knowingly and voluntarily agrees to waive the following rights with respect to the forfeiture of the Personal Property:

   a. All constitutional, legal, and equitable defenses to such forfeiture;

   b. Any constitutional or statutory double jeopardy defense or claim regarding such forfeiture;

   c. Any claim or defense to such forfeiture brought or raised under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fine; and

   d. Any right it may have to an appeal of any resulting order of forfeiture regarding the Personal Property.

19. VENTECH knowingly and voluntarily agrees and understands that the forfeiture of the Personal Property agreed upon herein shall not be treated as satisfaction (either partial or full) of any assessment, fine, restitution, cost of imprisonment, or any other penalty that the Court may impose upon the defendant in addition to the forfeiture. The defendant also agrees to assist the government in all proceedings, administrative or judicial, involving forfeiture to the United States of any property, including substitute property, regardless of its nature or form, real or personal, which the defendant or others known to the defendant, have accumulated as a result of illegal

activities. The assistance shall include: identification of any property subject to forfeiture; agreement to the entry of an order enjoining the transfer or encumbrance of such property; and the transfer of such property to the United States by delivery to the government, upon the government's request, of any necessary and appropriate documentation, including consents to forfeiture and quit claim deeds, to deliver good and marketable title to such property.

20. In furtherance of the collection of a restitution judgment, VENTECH agrees to make full and accurate disclosure of its financial affairs to the government and Probation. Specifically, the defendant agrees that upon signing of this plea agreement, VENTECH shall submit a completed Financial Disclosure Statement and shall fully disclose and identify all assets in which the defendant has any interest and/or over which the defendant exercises control, directly or indirectly, including those held by a nominee, or other third party. The defendant agrees to provide, in a timely manner, all financial information requested by the government and Probation, and upon request, to have VENTECH's owner, officer, or agent meet in person to identify assets/monies which can be used to satisfy the restitution judgment. In addition, the defendant expressly authorizes the government to obtain a credit report of VENTECH and any of its owners or officers.

21. VENTECH agrees that it will not sell, hide, waste, encumber, destroy, or otherwise devalue any asset until the restitution judgment is paid in full without prior approval of the government. The defendant shall also identify any transfer of assets valued in excess of $5,000 since the date of the defendant's indictment or when the defendant became aware of the criminal investigation, including the identity of the asset, the value of the asset, the identity of the third party to whom the asset was transferred, and the current location of the asset.

22. VENTECH agrees to cooperate fully in the investigation and the identification of assets to be applied toward forfeiture and/or restitution. The defendant agrees that providing false or incomplete information about the defendant's financial assets, or hiding, selling, transferring or devaluing assets, and/or failing to cooperate fully in the investigation and identification of assets may be used as a basis for a separate prosecution, including, under Title 18, United States Code, Section 1001.

23. VENTECH agrees that any fine or restitution imposed by the Court will be due and payable in full within 10 days of the entry of judgment following the sentencing hearing, and the defendant will not attempt to avoid or delay payment.

24. VENTECH agrees it shall dissolve and liquidate its remaining inventory, if any, and cease its operations no later than 90 days after full satisfaction of all monetary penalties or payments imposed by the Court, including any fine, special assessment, forfeiture, and restitution..

25. The defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the government in this plea agreement, the defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure or upward variance from the Sentencing Guidelines range that the Court establishes at sentencing. The defendant further understands that nothing in this plea agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the

government appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of the right to appeal the defendant's sentence.

The defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute(s) to which the defendant is pleading guilty is/are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute(s) of conviction.

By signing this agreement, VENTECH acknowledges that it has discussed the appeal waiver set forth in this plea agreement with its attorney. The defendant further agrees, together with the government, to request that the district court enter a specific finding that the defendant's waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

26. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or Probation, is a prediction, not a promise, and is not binding on the government, Probation, or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this plea agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged above, that the defendant may not withdraw the defendant's guilty plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

27. This is the entire agreement and understanding between the government and defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

GUSTAV W. EYLER
DIRECTOR
CONSUMER PROTECTION BRANCH

Date: 9/9/2021          By: _____
ALISTAIR F.A. READER
Trial Attorney
DAVID A. FRANK
Senior Litigation Counsel
JOHN W. BURKE
Assistant Director
STEPHEN J. GRIPKEY
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice

Date: 9/16/2021         By: _____
ROBERT L. SHEARIN
Attorney for Defendant

Date: 9/9/2021          By: _____
Authorized Representative
VENTECH LABS, LLC,
Defendant

11